IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA WISE,

                   **Plaintiff,**

   v.                                1:05-cv-1113-WSD

CONTINENTAL CASUALTY
COMPANY d/b/a CNA
INSURANCE COMPANIES,

                   **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion for Protective Order [11]. In its motion, Defendant seeks to prohibit discovery on the grounds that the disability determination Defendant made in this case is reviewed under the arbitrary and capricious standard. Defendant argues that because this standard, which gives deference to Defendant's disability determination, limits the Court's review to the plan documents and the administrative record, discovery is not allowed. Plaintiff disagrees. She contends the *de novo* review standard applies and that discovery is permitted. Although this is before the Court on a discovery motion, the central issue to be decided is what standard of review applies. The

particular question before the Court is whether Defendant was granted discretion to make disability determinations.

**Background**

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Determining what information is relevant in an ERISA case depends on the standard of review to be applied by the Court in reviewing the administrator's decision regarding benefits:

> Like most discovery disputes, . . . the scope of discovery [in ERISA cases] will hinge on whether the discovery sought by the plaintiff is relevant to "the claim or defense of any party." The standard of review in an ERISA case will dictate what facts or evidence the plaintiff must prove in order to successfully claim an entitlement to benefits under the terms of an employee benefit plan. Therefore, the applicable standard of review will also shape the permissible scope of discovery in ERISA cases.

Featherston v. Metro. Life Ins. Co., 223 F.R.D. 647, 651 (N.D. Fla. 2004).

"ERISA provides no standard for reviewing decisions of plan administrators or fiduciaries." Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004). Following the Supreme Court's decision in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Eleventh Circuit has applied three standards of review depending on the circumstances of the insurer-insured relationship: (1) *de novo* where the employee benefit plan at issue does not grant the administrator discretion; (2) arbitrary and capricious where the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where the plan grants the administrator discretion but the administrator operates under a conflict of interest. See Williams, 373 F.3d at 1134. In Williams, the Eleventh Circuit explained the differences between these three standards:

> *De novo* review . . . offers the highest scrutiny (and the least judicial deference) to the administrator's decision. In fact, we accord *no* deference there, since, no judgment/discretion was exercised in making the determination (*i.e.*, there is no discretion to which we would defer). In contrast, where the administrator has discretion (*i.e.*, applies his own judgment) in making plan decisions, we review under the arbitrary and capricious standard (which is substantively the same as the "abuse of discretion" standard). . . . Finally, where the administrator has discretion but exercises it under a conflict of interest, we apply "heightened arbitrary and capricious" review. There we apply a level of deference

>     (and conversely, scrutiny) somewhere between what is
>     applied under the *de novo* and "regular" arbitrary and
>     capricious standards.

373 F.3d at 1137 (internal citations omitted).

Typically, the applicable standard of review is uncontested, and discovery disputes arise only because the parties cannot agree on the scope of discovery permitted under the standard of review that applies.  See, e.g., Featherston, 223 F.R.D. at 651; Rosser-Monahan v. Avon Prods., Inc., 227 F.R.D. 695, 698 (M.D. Fla. 2004).  The applicable standard of review here is contested.  Thus, resolving the parties' discovery dispute requires the Court to evaluate the review standard and the scope of discovery permitted under it.

Defendant argues the plan documents grant to it discretion to make disability determinations.  It relies on the following two provisions of the Kliklok Group Long-Term Disability Insurance Plan -- the plan for which Defendant is the administrator (the "Plan"):

>     **TIME OF PAYMENT OF CLAIM:**  Benefits will be paid
>     monthly immediately after We receive due written proof of
>     loss.

(Policy, attached to Def.'s Mot. for Protective Order as Ex. 1, at 7); and the definitional provision:

> "We", "Our" and "Us" mean the Continental Casualty Company, Chicago, Illinois.

(Policy at 3).

Defendant claims the requirement to provide "due written proof of loss" confers on it discretion to make disability determinations. Defendant specifically contends that the word "due" vests in it discretion to determine if the proof offered is sufficient to establish disability.

Plaintiff argues that the "Time of Payment" provision, especially when read in context, does not confer discretion. Plaintiff claims "due" means the proof of loss must be timely submitted -- submitted when "due." Plaintiff, in arguing this interpretation, notes the "due proof of loss" provision is included in the "Time of Payment of Claim" paragraph which is immediately preceded by the proof of loss provision, which reads:

> **WRITTEN PROOF OF LOSS**. Written proof of loss must be furnished to Us within 90 days after the end of a period for which we are liable. If it is not possible to give the proof within 90 days, the claim is not affected if the proof is given as soon as reasonably possible. Unless the Insured Employee is legally incapacitated, written proof must be given within 1 year of the

time it is due.

(Policy at 7.) Plaintiff claims these provisions, when read together, state the timetable for submission of the proof of loss and provide that if proof is not submitted when due -- such as outside of this one-year period -- the claim will not be accepted.

Alternatively, Plaintiff argues that the phrase "due proof of loss" is at least ambiguous and, because Defendant drafted the policy, the ambiguity should be resolved in favor of Plaintiff by finding the less restrictive *de novo* review standard applies.

## **Discussion**

Although considered in the context of the scope of permitted discovery, the question before the Court is the standard of review that applies to the decision to deny benefits to Plaintiff. The analysis necessarily begins with Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). In Firestone, the Supreme Court set out the principles for evaluating what standard of review applies for an ERISA benefits decision. Acknowledging that trust law principles guide courts in determining the appropriate standard of review, the Court held that "[t]rust principles make a deferential standard of review appropriate when a trustee

exercises discretionary powers." Id. at 111.  Deference is given the "exercise of *discretion vested . . . by the instrument"* under which trustees act.  Id.

> [C]ourts construe terms in trust agreements without deferring to either party's interpretation.  "The extent of the duties and powers of a trustee is determined by the rules of law that are applicable to the situation, . . . and by the terms of the trust *as the court may interpret them . . . .*"

Id. at 112 (citing 3 W. Fratcher, Scott on Trusts § 201, at 221).  In performing this judicial function, "[t]he terms of trusts created by written instruments are 'determined by the provisions of the instrument as interpreted in light of all the circumstances and such other evidence of the intention of the settlor with respect to the trust as is not inadmissible.'"  Id. (citation omitted).  With these interpretative principles in mind, the Court stated:

> Consistent with established principles of trust law, we hold that a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

Id. at 115.

Defendant contends that the Court must interpret the Plan documents in this case, particularly the provision which requires the prompt payment of benefits after

Defendant receives "due written proof of loss" from the claimant, as vesting in Defendant the discretion necessary to trigger the arbitrary and capricious review standard. Defendant relies principally on the Eleventh Circuit's unpublished opinion in Curran v. Kemper National Services, Inc., No. 04-14097, 2005 WL 894840 (11th Cir. Mar. 16, 2005). Defendant cites Curran for the proposition that "language requiring 'due proof' constitutes a grant of discretion sufficient to apply the arbitrary and capricious standard of review." (Def.'s Mem. in Supp. of Mot. for Protective Order [11] at 6.) Defendant argues further: "The reasoning behind this is that these provisions require the administrator to use discretion in determining whether proof is satisfactory or acceptable to it." (Id.) (citing Curran, 2005 WL at *3). Defendant's interpretation of the Court's holding in Curran disguises the awkward and ambiguous phasing of this discussion in the opinion. The opinion states as follows:

> Provisions requiring satisfactory proof have been determined that the inclusion of language requiring "due proof" constitutes a grant of discretion sufficient to apply the arbitrary and capricious standard of review.

Curran, 2005 WL at *3. A facial reading of the language raises more questions than it answers, and it is uncertain whether it states the rule advocated by Defendant.

This language certainly is not as clear to the Court as it appears to be to Defendant.

The importance of this language is clouded further by the fact that the Eleventh Circuit in Curran relied on the Sixth Circuit's opinion in Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 380-81 (6th Cir. 1996), to support the proposition on which Defendant relies.  See Curran, 2005 WL at *3.  The pages in Yeager which the Curran court cites, and to which Defendant refers this Court, do not discuss the interpretation of "due proof" language in plan documents.  Rather, the Sixth Circuit opinion on pages 380-81 in Yaeger provides a thoughtful summary and application of the principles in Firestone.  The opinion expresses the requirement that a plan's "grant of discretionary authority to [a plan] administrator be 'express'" and "clear."  Id. at 380.  The Yeager court held that a grant of authority to an administrator "stating that a disability determination would be made 'on the basis of medical evidence satisfactory to the Insurance Company'" was express and clear, and that benefits determinations made by the administrator were required to be evaluated using an arbitrary and capricious review standard.  Id.  Yeager is not compelling support of the statement in Curran on which Defendant relies and it is not compelling support of Defendant's argued interpretation of the

9

phrase in the Plan documents at issue in this case.

Accordingly, the Court concludes that it is unclear whether or under what circumstances a "due proof" provision might constitute a grant of discretion to a plan administrator. Under these circumstances, the Court is required to consider the Plan provisions to evaluate whether there is a grant of discretion to Defendant in this case. Although a close call, the Court concludes there is not a sufficient grant of discretion for the arbitrary and capricious standard to apply.[1]

---

[1] Although the Sixth Circuit appears, in certain cases, to interpret a "due written proof of loss" language as conferring discretion, the greater number of cases from other Circuits appear to require a more specific and clear grant of discretion. Compare Leeal v. Continental Cas. Co., No. 00-1194, 2001 WL 1006186 (6th Cir. Aug. 21, 2001), with Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-52 (2nd Cir. 1999) (holding that a plan provision requiring the insured to submit "satisfactory proof of total disability" to the insurance company was not sufficiently clear to grant discretion to plan administrator); Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 270 (4th Cir. 2002) (holding that plan language indicating that plan would pay monthly benefit if insured "submits satisfactory proof of Total Disability to us" did not grant insurer discretion to determine participant's eligibility for benefits); Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000) ("[T]he presumption of [*de novo*] review is not rebutted by the plan's stating merely that benefits will be paid only if the plan administrator determines they are due, or only if the applicant submits satisfactory proof of his entitlement to them."); Bounds v. Bell Atl. Enters. Flexible Long Term Disability Plan, 32 F.3d 337, 339 (8th Cir. 1994) (holding that plan language stating that benefits will be paid "after [the administrator] receives adequate proof of loss" is insufficient to confer discretion); Walke v. Group Long Term Disability Ins., 256 F.3d 835, 839-40 (8th Cir. 2001) (holding that plan

The language of the Plan suggests strongly that the interpretation of the "due written proof of loss" provision at least is ambiguous, and more likely fails to confer discretion sufficiently to Defendant. The phrase on which Defendant relies is not set out in a provision addressing benefits review or discretion. It is embedded in a provision entitled "Time of Payment of Claim" which discusses only the timing for benefits payments. It does not address the evaluative process and specifically does not address who makes disability determinations, the process for making them and especially does not nominate Defendant as the deciding official. That this provision focuses on process and timing issues is reinforced by its positioning after the paragraph entitled "Written Proof of Loss." In this "Written Proof of Loss" paragraph, the Plan sets a timetable for a claimant to submit information for the benefits determination, placing a one-year time limit on the submission of the proof of loss. The "Time of Payment of Claim" provision simply states the time-line for benefits payments. Although this provision describes the proof of loss to be submitted by the insured as "due written proof of loss," the

language providing for payment of benefits if the insured "submits satisfactory proof of Total Disability to [the insurance company]" was ambiguous and therefore insufficient to confer discretion to the plan administrator).

word "due" does not modify "written proof" in a manner which suggests the proof will be evaluated by Defendant in its discretion. Instead, "due" is more naturally read to refer back to the same word as used in the "Written Proof of Loss" provision, where it clearly involves a procedural requirement: "Unless the Insured Employee is legally incapacitated, written proof must be given within 1 year of the time it is *due*." (Policy at 7) (emphasis added).

In sum, these Plan provisions do not alone or in combination address who is granted responsibility for determining if benefits will be paid and they certainly do not clearly or expressly grant this discretion to Defendant.[2][3] While the Court can

---

[2] It is not surprising that these provisions do not clearly and expressly grant discretion to Defendant, as required by Firestone, since the Policy in this case was issued a year before Firestone was decided.

[3] The conclusion reached here is consistent with the conclusion reached by the court in Balthis v. AIG Life Insurance Co., 102 F. Supp. 2d 668 (W.D. Va. 2000), where the court held:

> A reasonable interpretation of "due written proof" is that it means "written proof as provided in the proof of loss section." As such, it seems clear that "due" connotes a procedural requirement rather than a substantive review of the claim.
>
> The plain meaning of "due" outside the context of the policy supports this reading. The dictionary defines "due" in this context as according to accepted

envision a plan document that may ultimately grant discretion using "due proof" or similar language, the Plan language here simply is not sufficient to satisfy the "express" and "clear" requirements under Firestone.  The Supreme Court has underscored the importance of a clear, unambiguous delegation before deference is made to a fiduciary acting in a trust capacity.  A proper delegation requires more than what is provided here.

Because there is not a clear grant of discretion to Defendant to make benefits determinations, the Court concludes that the *de novo* review standard applies and thus discovery is allowed.

---

procedures or required in the prescribed course of events.  See Webster's Collegiate Dictionary 357 (10th ed. 1996).

As contained in the policy, the language is categorical rather than conditional, and it is the type of language that would be expected in any insurance policy.  If the defendant's contentions were correct, almost every denial of benefits from an ERISA-controlled policy would be subjected to deferential review.  If the parties had wished to confer discretion on the insurance company, the group policy could easily have included explicit language to that end.

102 F. Supp. 2d at 670.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order is **DENIED** and the parties shall have up to and including February 27, 2006, to complete discovery in this action.

**SO ORDERED**, this 4th day of November, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE